IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOMENICA LEWIS, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> SILVERTREE MOHAVE HOMEOWNERS' ASSOCIATION, *et al.*, <br><br> Defendants. <br> _____ / | No. C 16-03581 WHA <br><br> **ORDER DENYING AS MOOT MOTION FOR CLASS CERTIFICATION, SETTING NEW SCHEDULE FOR CLASS CERTIFICATION BRIEFING, AND AWARDING ATTORNEY'S FEES AND COSTS** |

In November 2016, plaintiffs served discovery requests seeking information concerning the identities of residents at the condominium complex at issue herein and information disseminated to residents regarding the "no sports play" rules challenged in this action. Defendants produced documents reflecting this information as of 2016, but averred no other information was available. This statement later proved false.

At a settlement conference in April, after plaintiffs filed their motion for class certification (interim class counsel had already been appointed for the purpose of settlement negotiations), it was revealed that other documents reflecting information from earlier years existed. In the ensuing weeks, defense counsel produced more than five thousand responsive documents that plaintiffs' counsel had previously been informed did not exist, and which may bear on the motion for class certification.

Plaintiffs now ask to be allowed to refile their motion, accounting for new evidence, or to allow them to file reply declarations addressing the new evidence and raise new arguments.

They further ask that defendants be precluded from opposing class certification or that they be precluded from making certain arguments. Plaintiffs also seek their reasonable attorney's fees and costs.

Defendants admit error, and state the incomplete production resulted from miscommunication between two of defendants' offices. They do not oppose plaintiffs' request to file a new motion for class certification, but they do oppose the request to limit their response to the motion.

Plainly, plaintiffs deserve a full opportunity to make their case for class certification. The currently-pending motion is **DENIED AS MOOT**. A new motion is due by **MAY 11**, to be noticed on the normal 35-day calendar.

This order does not find it appropriate to limit defendants in their ability to oppose class certification; however, this order leaves open the possibility that preclusion or adverse inferences may be warranted once the motion is fully briefed, upon a further showing by plaintiffs that defendants' delay in producing responsive discovery was prejudicial. Restricting defendants' ability to oppose the motion is particularly inappropriate inasmuch as the requirements of Rule 23 do not only protect defendants from inappropriate classwide litigation but also protect absent class members by ensuring their case is appropriate for adjudication by a representative.

Defendants shall also pay plaintiffs' reasonable attorney's fees and costs as a result of this snafu, as follows: By **MAY 18**, plaintiffs' counsel shall file a sworn declaration setting forth the reasonable attorney's fees (with detailed description of the hours worked and the applicable rate) and costs incurred in bringing the instant motion, refiling their motion for class certification, and in preparing the declaration setting forth these fees and costs. Defendants shall pay that amount by **MAY 25 AT NOON**.

**IT IS SO ORDERED.**

Dated: April 26, 2017.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE