KYRA A. KAZANTZIS (SBN: 154612) kyrak@lawfoundation.org
ANNETTE D. KIRKHAM (SBN: 217958) annettek@lawfoundation.org
NADIA AZIZ (SBN: 252966) nadia.aziz@lawfoundation.org
THOMAS P. ZITO (SBN: 304629) tom.zito@lawfoundation.org
MATTHEW WARREN (SBN: 305422) matthew.warren@lawfoundation.org
LAW FOUNDATION OF SILICON VALLEY
FAIR HOUSING LAW PROJECT
152 North Third Street, 3rd Floor
San Jose, CA 95112
Telephone: (408) 280-2411
Facsimile: (408) 293-0106

CONSTANCE F. RAMOS (SBN: 203637) cframos@winston.com
COREY D. ATTAWAY (SBN: 306752) cattaway@winston.com
WINSTON & STRAWN, LLP
101 California St., 35th Floor
San Francisco, CA 94111-5840
Telephone: (415) 591-1000
Facsimile: (415) 591-1400

ATTORNEYS FOR DOMENICA LEWIS, JERROLD LEWIS, E.L., S.L., AND PROJECT SENTINEL

ADDITIONAL ATTORNEYS ON FINAL PAGE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA (SAN FRANCISCO)

| | |
|---|---|
| DOMENICA LEWIS et al.<br><br>   Plaintiffs,<br><br>**v.**<br><br>SILVERTREE MOHAVE HOMEOWNERS' ASSOCIATION, INC., et al.<br><br>   Defendants. | **Case No. 3:16-CV-03581-WHA**<br><br>**JOINT STATEMENT OF SETTLEMENT**<br><br>Date: June 15, 2017<br>Time: 11:00 a.m.<br>Courtroom: 8, 19th Floor<br>Judge: Hon. William Alsup<br>Magistrate Judge: Hon. Jacqueline S. Corley |

Plaintiffs and Defendants submit this Joint Statement outlining the terms of the proposed settlement to the Court pursuant to Fed. R. Civ. P. 23(e)(3). A copy of the proposed settlement agreement is attached to this Statement as Exhibit 1.

I. **BRIEF SUMMARY OF THE LITIGATION**

Plaintiffs Domenica Lewis and Jerrold Lewis are former homeowners in the Silvertree Mohave condominium complex in Fremont, California. The complex contains 108 condominiums and is governed by the Silvertree Mohave Homeowners Association, Inc., a defendant in this case. The HOA is governed by a Board of Directors, whose members are also defendants in this action. Management Solutions, is the company hired by the Board to manage the complex. Plaintiff Project Sentinel is a non-profit corporation whose mission is in part to develop and promote fairness and equality of housing for all persons. As part of this litigation, Plaintiffs alleged that Defendants enacted and maintained rules that discriminated against families with children by prohibiting children from playing in common areas of the Complex. Defendants denied the allegations.

II. **SUMMARY OF THE SETTLEMENT**

Plaintiffs and Defendants have reached a settlement constituting two main parts relevant to the class: (1) broad injunctive relief to the class of plaintiffs, and (2) monetary relief to the class. Plaintiffs and Defendants also resolved all outstanding individual (non-class) claims of the Plaintiffs.

**A. The Settlement Class**

The settlement class is identical to the class that Plaintiffs have requested that the Court certify by way of their motion:
> All persons who currently live or have lived at the Silvertree-Mohave Condominium Complex in Fremont, California, at any time from January 1, 2011, through the present, and lived there with children under the age of 14, or who were themselves minor children under the age of 14.

(Agreement at ¶ 1.e). As part of the settlement of this matter, Defendants have agreed to stipulate to this class and withdraw their previously filed opposition to Plaintiffs' Second Motion for Class Certification. (Agreement at ¶ 10).

**B. Injunctive Relief**

Plaintiffs and Defendants have agreed to the following injunctive terms:
1. Defendants will maintain the permanent rescission of all Sports Rules as it did in June, 2016, and will not enact any rule in the future that prohibits children from playing in the common areas of the association.

2. Defendants will not enact any rule prohibiting children under the age of 14 from being in the common areas of the association unsupervised.

3. Defendants will post signs in the Common Areas of the Complex stating that "Any resident, including children, are permitted to play in common areas of the Complex." Defendants will also post this information in the Association's monthly newsletters. Defendants will maintain those signs and post the information in the newsletters for at least three years from the date of this Agreement.

4. The Defendants will post in the Association's monthly newsletters that the Board of Directors strongly discourages the photographing of minor children without the children's parents knowledge or consent.

5. Defendants Carol Lee Adams and Marilyn Black shall resign from the Board of Directors within 30 days of the final approval the Class Settlement.

6. Defendants agree that all remaining Defendant members of the Board of Directors shall receive fair housing training either from the U.S. Department of Housing and Urban Development, the California Department of Fair Employment and Housing, or a non-profit certified fair housing training provider within 90 days of the final approval of the Class Settlement.

7. Defendant Association will adopt an operating rule to require any new Board of Director to attend fair housing training by an entity described in *6 supra* within 90 days of joining the Board of Directors. Such rule shall be proposed within 30 days of the final approval of the Class Settlement. Defendant members agree not to object to this operating rule and not to solicit objections from other members. Should members reject the rule, the Board will attempt to re-adopt the rule as soon as possible as allowed by state law.

8. Defendant Association as soon as practicable after assembling a new Board of Directors shall undertake to evaluate the residents needs and desires for better play areas for children. The Board shall solicit input and survey residents, especially those with children, to evaluate possible improvements to the common area.

9. Defendant Association shall reevaluate its contract with Management Solutions to determine if such an arrangement has truly been to the benefit of the Association, within 30 days of the constitution of a new board of directors pursuant to this Agreement.

10. No Association member shall be assessed by Defendants for any payment directly or indirectly to contribute to the Costs of this Lawsuit.

(Agreement at 2.a). The injunctive relief Plaintiffs obtained through settlement is much greater than any relief Plaintiffs could have obtained at trial.

### C. Monetary Relief

Defendants have agreed to pay $800,000 in monetary relief to the class. (Agreement ¶ 2.b.i). Based upon Plaintiffs' best estimate of class members as articulated in their Second Motion for Class Certification, there are approximately 334 class members. Class administration will be paid out of this fund, and currently Plaintiffs anticipate that this will be not more than $20,000 based upon quotes received as of the date of this filing. After costs for the class administration are deducted, Plaintiffs anticipate that approximately $2,335 will be paid to each class member, or for a family of four persons, a total sum of $9,340. There will be no claims process, however, for certain people, class counsel may need to verify the age of class members during the class period to ensure that they are in the class. If class members are in the class, they will get a check for an even share of the settlement. If there are any class members who cannot be located, or for which checks are not cashed, any remaining funds will be redistributed to the class members that could be located through a second mailing of checks. There is no agreement for any reversion of the funds or any *cy-pres* award to a non-profit agency.

### D. Individual Relief

Defendants have agreed to pay to Plaintiff Project Sentinel $19,000.00 which is their total amount of actual expenses and costs in this matter for all their claims.

Defendants have agreed to pay to Domenica Lewis, Jerrold Lewis, E.L. and S.L. the total amount of $35,000 for their individual claims of retaliation in violation of the Fair Housing Act and Fair Employment and Housing Act. This includes all actual and compensatory damages, including any emotional distress suffered by any member of the Lewis family. Mr. and Mrs. Lewis will set aside a portion of this settlement exclusively for their children, E.L. and S.L. to be approved by the Court along with the final settlement of this case. The Lewis Plaintiffs will receive the same compensation for class claims as any other class member for all class claims. They will not be seeking any compensation for their service as class representatives in this matter.

### E. Attorneys' Fees and Costs

Plaintiffs and Defendants have agreed that the Court shall determine what award of fees and costs is appropriate for Class Counsel in this matter by way of an opposed motion. There has been no agreement on any amount of fees and or costs. (Agreement, ¶ 2.c)

### F. Release

The class is only releasing the claims which are being certified in this matter which are the First Claim, Second Claim, Third Claim, Fourth Claim, and Seventh Claim articulated in their complaint. (Agreement ¶ 4.a). No other claims are being released by the class, and if a class member is not able to be located, or opts-out, their claim is not being extinguished or released. (Agreement ¶ 4.b-4.c). Plaintiffs Project Sentinel and Domenica Lewis, Jerrold Lewis, E.L. and S.L. are providing broader releases of their individual claims.

### G. Monitoring

Plaintiffs have agreed to monitor compliance with the agreement for a period of three years. (Agreement ¶ 2.d).

Respectfully Submitted

Dated: June 14, 2017

    LAW FOUNDATION OF SILICON VALLEY
    FAIR HOUSING LAW PROJECT

    WINSTON & STRAWN, LLP

    /s/ Thomas P. Zito
    Thomas P. Zito
    Attorney for Plaintiffs

Dated: June 14, 2017    MCNAMARA, NEY, BEATTY, SLATTERY, BORGES & AMBACHER, LLP

    /s/ Lisa R. Roberts
    Lisa R. Roberts
    Attorneys for Defendants

ADDITIONAL COUNSEL

THOMAS G. BEATTY (State Bar No. 75794) thomas.beatty@mcnamaralaw.com
LISA R. ROBERTS (State Bar No. 141171) lisa.roberts@mcnamaralaw.com
MCNAMARA, NEY, BEATTY, SLATTERY,
BORGES & AMBACHER LLP
1211 Newell Avenue
Walnut Creek, CA 94596
Telephone: (925) 939-5330
Facsimile: (925) 939-0203

Attorneys for Defendants
Silvertree Mohave Homeowners' Association, Carol Lee Adams aka Lee Adams, Marilyn Black, Anand Bhaskaran, Tamela Durant and Donald W. Murphy

FILER'S ATTESTATION

Pursuant to Civil L.R. 5-1(i)(3) regarding signatures, I, Thomas Zito, attest that concurrence in the filing of this document has been obtained from all signatories.

CERTIFICATE OF SERVICE

I hereby certify that this document, and any exhibits and attachments thereto, has been filed through the CM/ECF system, so as to result in service upon all parties who have appeared and have registered as ECF users by transmission of a Notice of Electronic Filing (NEF).

DATE: June 14, 2017            /s/ Thomas Zito
                                    Thomas Zito