R. DEWEY WHEELER (State Bar No. 129968)
dewey.wheeler@mcnamaralaw.com
LISA R. ROBERTS (State Bar No. 141171)
lisa.roberts@mcnamaralaw.com
McNAMARA, NEY, BEATTY, SLATTERY,
BORGES & AMBACHER LLP
3480 Buskirk Avenue, Suite 250
Pleasant Hill, CA 94523
Telephone: (925) 939-5330
Facsimile:  (925) 939-0203

Attorneys for Defendants
Silvertree Mohave Homeowners' Association, Carol Lee Adams
aka Lee Adams, Marilyn Black, Anand Bhaskaran, Tamela
Durant and Donald W. Murphy

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOMENICA LEWIS; JERROLD LEWIS; DOMENICA LEWIS as guardian ad-litem for their minor children S.L and E.L, on behalf of themselves and all others similarly situated; and PROJECT SENTINEL, a California non-profit corporation, on behalf of itself and the general public,<br><br>            Plaintiffs,<br><br>     vs.<br><br>SILVERTREE MOHAVE HOMEOWNERS' ASSOCIATION, INC., CAROL LEE ADAMS a/k/a LEE ADAMS, MARILYN BLACK, ANAND BHASKARAN, and TAMELA DURANT, individually and as members of the Board of Directors of Silvertree Mohave Homeowners' Association, Inc.; and DONALD W. MURPHY individually and d/b/a MANAGEMENT SOLUTIONS,<br><br>            Defendants. | Case No. 16-CV-03581-WHA<br><br>**DEFENDANTS' ADMINISTRATIVE MOTION TO ENLARGE TIME FOR OPPOSITION TO PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS**<br><br>Action Filed:   June 24, 2016<br><br>Judge: Hon. William Alsup<br>Magistrate Judge: Hon. Jacqueline S. Corley |

## I. INTRODUCTION

Defendants SILVERTREE MOHAVE HOMEOWNERS' ASSOCIATION, INC., CAROL LEE ADAMS a/k/a LEE ADAMS, MARILYN BLACK, ANAND BHASKARAN, and TAMELA DURANT, individually and as members of the Board of Directors of Silvertree Mohave Homeowners' Association, Inc.; and DONALD W. MURPHY individually and d/b/a MANAGEMENT SOLUTIONS ("Defendants") hereby give notice that they will and do hereby move to enlarge the time for Defendants to submit opposition to the Motion for Attorneys' Fees and Costs filed by plaintiffs DOMENICA LEWIS, JERROLD LEWIS, DOMENICA LEWIS as guardian ad-litem for their minor children S.L and E.L, on behalf of themselves and all others similarly situated, and PROJECT SENTINEL, a California non-profit corporation, on behalf of itself and the general public ("Plaintiffs").

Additional time is warranted in order to allow Defendants to review voluminous billing records produced by Plaintiffs in support of their motion seeking $483,277.80 in attorney fees and $3,461.02 in costs, to obtain additional documentation from Plaintiffs concerning their purported litigation expenses, and to allow Defendants' to retain a legal billing expert to review the billing documents. Defendants requested that Plaintiffs stipulate to continue the hearing date on their motion for ninety (90) days, but Plaintiffs refused.

Defendants respectfully request this Court enlarge the time for Defendants to submit opposition to the motion by continuing the hearing on the motion for ninety-days, or to a time otherwise convenient to the Court.

## II. SUMMARY OF FACTS

This case was brought by Dominica Lewis, Jerrold Lewis, and their minor children S.L. and E.L., as well as Project Sentinel, a nonprofit corporation. The Complaint alleges violations of the Federal Fair Housing Act, California Fair Employment and Housing Act and the Unruh Act as well as Breach of Fiduciary Duty.

On June 2, 2017, the parties entered into a settlement agreement which was preliminarily approved by the Court. A final approval hearing is currently scheduled for October 26, 2017.

On September 21, 2017, Plaintiffs filed their Motion for Attorneys' Fees and Costs. Attached to the motion are exhibits containing ninety-one pages of billing entries from seven different attorneys at two law firms and twenty additional pages of cost invoices. Cumulatively, Plaintiffs seek attorneys' fees and costs in excess of $485,000 – more than half the amount of the total settlement agreement.

On September 26, 2017, counsel for Defendants attempted to meet and confer with Plaintiffs to obtain a stipulation to enlarge the time for Defendants to file an opposition to the motion and produce additional documents. (*See* email correspondence attached as **Exhibit A** to the Declaration of Lisa R. Roberts.)  The email correspondence was followed by a telephone call with Annette Kirkham, Esq. who initially stated she was not inclined to grant an extension. Counsel for Defendants advised that she would provide a detailed list of the requested documents.

On the morning of September 27, 2017, counsel for Defendants sent a request for additional documentation in order to assist with evaluating the attorneys' fees motion and requesting that Plaintiffs reconsider their refusal to stipulate to an enlargement of time for the opposition.  Plaintiffs agreed to provide cost invoices only, but no further documents to support the attorney fees.  In addition, they continued to refuse to stipulate to an extension for the opposition. (*See* email correspondence attached as **Exhibit B** to the Decl. of Lisa R. Roberts.)

### III.   LEGAL STANDARD

Northern District of California Civil Local Rules provide that a request for a Court order enlarging or shortening time may be made by written stipulation pursuant to Civil L.R. 6-2 or motion pursuant to Civil L.R. 6-3. (*See* Civil L.R., Rule 6-1(b).)  A motion to enlarge or shorten time may be no more than 5 pages in length and must be accompanied by a proposed order and by declaration that:  (1) sets forth with particularly, the reasons for the requested enlargement or shortening of time; (2) describes the efforts the party has made to obtain a stipulation to the time change; (3) identifies the substantial harm or prejudice that would occur if the Court did not change the time; (4) . . . (5) discloses all previous time modifications in the case, whether by stipulation or Court order; and (6) describes the effect the requested time modification would

3
DEFENDANTS' ADMINISTRATIVE MOTION TO ENLARGE TIME FOR OPPOSITION TO PLAINTIFFS'
MOTION FOR ATTORNEYS' FEES AND COSTS
Case No. 16-CV-03581-WHA

have on the schedule for the case. (*See* Civil L.R., Rule 6-3.)

Moreover, a party may obtain a Court order with respect to miscellaneous administrative matters by filing a motion setting forth "specifically the action requested and the reasons supporting the motion." (*See* Civil L.R., Rule 7-11.) Opposition to the administrative motion must be filed no later than 4 days after the motion has been filed, and the motion is deemed submitted for immediate determination without hearing the day after the opposition is due. (*Id.*)

### IV. ARGUMENT

Plaintiffs seek to obtain an award of attorneys' fees and costs in excess of $485,000 without providing all documentation necessary for Defendants to properly evaluate and respond to the motion. Settlement in this matter was reached in June 2017 which provided plaintiffs with more than three months to prepare their motion, and yet they refuse to grant a courtesy extension to Defendants. Defendants are prevented securing the additional documents from Plaintiffs that are needed to evaluate the claim and to oppose the Motion. Given the volume of documents already provided and the time required to review the time entries for seven time-keepers, an additional time of 90 days is requested.

It is clear from a cursory review of the voluminous billing records provided in support of the motion that there are numerous block billing entries, lack of specificity and duplicative billing. The nearly 100 pages with 35-45 time entries per page means an analysis of 3,500 to 4,500 entries that must be evaluated and categorized in order to prepare a comprehensive opposition. Plaintiffs' counsel has provided no reasonable explanation for not extending a professional courtesy to counsel who requests an extension of time. Nor has counsel produced the very limited documents that she agreed to produce. Counsel for Defendants intends to file a request to reopen discovery on a limited basis to seek additional documents in support of plaintiffs' fee and cost request. There is no way to secure those documents any other way since Plaintiffs have determined that they are "irrelevant" and will not voluntarily produce them. Without these documents, Defendants' opposition will be incomplete.

Despite meet and confer efforts, no legitimate explanation is given in Plaintiffs' counsel's

4
DEFENDANTS' ADMINISTRATIVE MOTION TO ENLARGE TIME FOR OPPOSITION TO PLAINTIFFS'
MOTION FOR ATTORNEYS' FEES AND COSTS
Case No. 16-CV-03581-WHA

email or telephone conversation for failing to cooperate in the subject request for an extension of time for Defendants' opposition to the fee motion. There have been no other requests for extensions of time. Defendants have always cooperated in requests made by the Plaintiffs and are frankly perplexed by their response. The fee motion is concurrently set on the same date and time as the Motion for Final Approval of the Class Settlement. The fee motion would more appropriately be set on a separate date than the Final Approval Hearing.

There is absolutely no prejudice to Plaintiffs. Defendants merely seek an opportunity on par with the three months Plaintiffs had to prepare their motion in order to properly respond to a demand for more than $485,000 in attorneys' fees. Therefore, Defendants request a hearing in 90 days to secure the additional documents and have sufficient time to prepare an Opposition.

## V. CONCLUSION

Defendants respectfully request this Court enlarge the time for Defendants to submit opposition to the motion by continuing the hearing on the motion for 90 days, or to a time otherwise convenient to the Court.

Dated: September 29, 2017        MCNAMARA, NEY, BEATTY, SLATTERY,
                                 BORGES & AMBACHER LLP


                                 By:   */s/ Lisa R. Roberts*
                                       R. Dewey Wheeler
                                       Lisa R. Roberts
                                       Attorneys for Defendants
                                       Silvertree Mohave Homeowners' Association, Carol
                                       Lee Adams aka Lee Adams, Marilyn Black, Anand
                                       Bhaskaran, Tamela Durant and Donald W. Murphy

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document, and any exhibits and attachments thereto, has been filed through the CM/ECF system, so as to result in service upon all parties who have appeared and have registered as ECF users by transmission of a Notice of Electronic Filing (NEF).

Date:  September 29, 2017           */s/ Lisa R. Roberts*
                                    Lisa R. Roberts