UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

Case No. 3:16-cv-03581-WHA (JSC)

DOMENICA LEWIS, et al.,

        Plaintiffs,

        v.

SILVERTREE MOHAVE HOMEOWNERS'
ASSOCIATION, INC., et al.,

        Defendants.

[~~PROPOSED~~] FINAL JUDGMENT

1.     Pursuant to Federal Rule of Civil Procedure 58(a), the Court hereby enters final judgment in this action as between Plaintiffs and Defendants. Pursuant to this Final Judgment:

2.     The parties are hereby ordered to comply with the terms of the Settlement and Release Agreement (the "Settlement Agreement") (ECF No. 83-1), including without limitation, the obligations imposed upon Defendants under the Injunctive Relief and Remediation terms listed in paragraph two. The Settlement Agreement is attached hereto as Exhibit A, and its terms are incorporated by reference into this Final Judgment.

3.     The Settlement Agreement does not operate to release all claims that class members have as alleged in Plaintiffs' Complaint (ECF No. 1). The release and waiver of claims in the Settlement Agreement only applies to the first, second, third, fourth and seventh causes of action of the Complaint. Docket number 111-1 is a list of all class members bound by the Settlement Agreement.

4.     The Settlement Agreement does not release and waive claims as to class members who have opted out of the Settlement Agreement or who Plaintiffs' Counsel were unable to locate after a diligent search. Docket number 111-2 is a list of all class members excluded from the Settlement Agreement for any reason.

5.      This action is dismissed with prejudice as against the Defendants, each side to bear its own attorneys' fees and costs except as provided by the Settlement Agreement and the Court's orders (ECF No. 107).

6.      This document constitutes a final judgment and separate document for purposes of Federal Rule of Civil Procedure 58(a).

7.      Without affecting the finality of the Court's judgment in any way, the Court retains jurisdiction over this action in accordance with paragraph three of the Settlement Agreement.

IT IS SO ORDERED.

Dated:  December 1, 2017.      _____
Honorable William Alsup
United States District Court Judge

2

## SETTLEMENT AND RELEASE AGREEMENT

THIS SETTLEMENT AND RELEASE AGREEMENT (hereinafter referred to as the "Agreement") is entered into between Plaintiffs DOMENICA LEWIS, JERROLD LEWIS, E.L. a minor, by his guardian ad litem, DOMENICA LEWIS, S.L., a minor, by her guardian ad litem DOMENICA LEWIS, on behalf of themselves and as class representatives (collectively referred to herein as "Class Plaintiffs") and PROJECT SENTINEL on behalf of itself on the one hand: and the SILVERTREE MOHAVE HOMEOWNERS' ASSOCIATION, INC., CAROL LEE ADAMS, MARILYN BLACK, TAMELA DURANT, and ANAND BHASKARAN individually and as members of the Board of Directors of Silvertree Mohave Homeowner's Association, Inc., and DONALD W. MURPHY individually and d/b/a  MANAGEMENT SOLUTIONS (hereinafter referred to as "Defendants"), on the other hand.  Plaintiffs and Defendants are hereinafter collectively referred to as the "Parties."

## RECITALS

A.      On June 24, 2016, Plaintiffs filed a Class Action Complaint for Damages and Injunctive Relief in the Northern District of California, Case No. 16-CV-3581, alleging causes of action for (1) Fair Housing Amendments Act, 42 U.S.C. §3601, *et seq.*, (2) California Fair Employment and Housing Act, Cal. Gov't. Code §12955, *et seq.*, (3) California Unruh Act, Cal. Civ. Code § 51 *et seq.*, (4) Violation of the Unfair Competition Act, Cal. Bus. & Prof. Code § 17200 *et seq.*, (5) Retaliation in Violation of the Fair Housing Act, 42 U.S.C.  3617., (6) Retaliation in Violation of the Fair Employment and Housing Act, Cal. Gov't. Code § 12955.7, and (7) Violation of Fiduciary Duty under the Cal. Corp. Code § 7231. ("Complaint")

B.      On March 24, 2017, for good cause, the Court appointed the Law Foundation of Silicon Valley and Winston & Strawn, LLP to serve as interim class counsel for the purposes of mediation on a class-wide basis.

C.      On April 7, 2017, under the supervision and direction of Honorable Jacqueline S. Corley, the parties engaged in an all-day settlement conference in San Francisco, California, and reached a tentative agreement on some but not all terms.  Subsequent to that settlement conference, the parties participated in follow-up conferences by phone with Judge Corley on April 12, 2017, April 13, 2017, and April 24, 2017.

D.      On May 11, 2017, Plaintiffs filed their second motion for class certification  , seeking certification of a class definition as follows:

> All persons who currently live or have lived at the Silvertree-Mohave Condominium Complex in Fremont, California, at any time from January 1, 2011, through the present, and lived there with children under the age of 14, or who were themselves minor children under the age of 14.

With respect to Plaintiffs' First, Second, Third, Fourth, and Seventh Claims.

1

E.     On May 25, 2017, Defendants filed their opposition to Plaintiffs' motion for class certification.

F.     On June 2, 2017, the parties once again attended an all-day Settlement Conference with the Honorable Jacqueline S. Corley.  That conference was preceded by a Settlement Conference call on May 24, 2017.  On June 2, 2017, the parties reached a settlement in this matter. The Parties agree that this Agreement is entered into to avoid further litigation and expense, without admission of liability.

## SETTLEMENT

The Parties do hereby enter into this Agreement, subject to and contingent on Court approval, and agree to the following terms:

1.     Definitions
   a.  The "Complex" refers to the Silvertree Mohave Condominium complex located in Fremont California, encompassing 108 condominium units at the following addresses: 200 – 428 Sequim Common and 46602 – 46888 Winema Common in Fremont, California.

   b.  The "Association" refers to Defendant Silvertree Mohave Homeowners Association, Inc.

   c.  The "Sports Rules" refers to all rules derivative of the resolution adopted by the Defendant Association on September 8, 2003 stating:  "That all Members of the Silvertree Homeowners Association and Their Families, are prohibited from engaging in any sports play activity within the Quad Area of the Silvertree Mojave common Area."  This includes but is not limited to the interpretations in the "Rules and Regulations" of the Association at 1.7, all interpretations of this resolution in the Newsletters printed by the Association, and any rules derivative of the resolution adopted by the Defendant Association on September 14, 2015 "prohibiting (1) the use of bicycles skates, scooters and the like on pedestrian walkways or sidewalks; and (2) prohibiting the use of stairs to recreate, run up and down or loiter."

   d.  "Board" refers to the Board of Directors of the Association.

   e.  The "Settlement Class" is defined as: All persons who currently live or have lived at the Silvertree-Mohave Condominium Complex in Fremont, California, at any time from January 1, 2011, through the present, and lived there with children under the age of 14, or who were themselves minor children under the age of 14.

2.      <u>Consideration.</u>

      a.  **Injunctive Relief and Remediation**:

            i.  Defendants will maintain the permanent rescission of all Sports Rules as it did in June, 2016, and will not enact any rule in the future that prohibits children from playing in the common areas of the association.

            ii.  Defendants will not enact any rule prohibiting children under the age of 14 from being in the common areas of the association unsupervised.

            iii.  Defendants will post signs in the Common Areas of the Complex stating that "Any resident, including children, are permitted to play in common areas of the Complex." Defendants will also post this information in the Association's monthly newsletters.  Defendants will maintain those signs and post the information in the newsletters for at least three years from the date of this Agreement.

            iv.  The Defendants will post in the Association's monthly newsletters that the Board of Directors strongly discourages the photographing of minor children without the children's parents knowledge or consent.

            v.  Defendants Carol Lee Adams and Marilyn Black shall resign from the Board of Directors within 30 days of the final approval the Class Settlement.

            vi.  Defendants agree that all remaining Defendant members of the Board of Directors shall receive fair housing training either from the U.S. Department of Housing and Urban Development, the California Department of Fair Employment and Housing, or a non-profit certified fair housing training provider within 90 days of the final approval of the Class Settlement.

            vii.  Defendant Association will adopt an operating rule to require any new Board of Director to attend fair housing training by an entity described in ***vi supra*** within 90 days of joining the Board of Directors. Such rule shall be proposed within 30 days of the final approval of the Class Settlement.  Defendant members agree not to object to this operating rule and not to solicit objections from other members. Should members reject the rule, the Board will attempt to re-adopt the rule as soon as possible as allowed by state law.

            viii.  Defendant Association as soon as practicable after assembling a new Board of Directors shall undertake to evaluate the residents needs and desires for better play areas for children.  The Board shall solicit input

and survey residents, especially those with children, to evaluate possible improvements to the common area.

ix. Defendant Association shall reevaluate its contract with Management Solutions to determine if such an arrangement has truly been to the benefit of the Association, within 30 days of the constitution of a new board of directors pursuant to this Agreement.

x. No Association member shall be assessed by Defendants for any payment directly or indirectly to contribute to the Costs of this Lawsuit.

b. **Remediation—Damages:**

i. Defendants will pay the total sum of Eight Hundred Thousand Dollars ($800,000) (the "Settlement Sum") as damages to be allocated by Class Counsel. The Settlement Sum is intended to cover all damage claims made by the Settlement Class (including class claims of the Class Plaintiffs), including but not limited to actual compensatory damages, loss of housing opportunity, moving costs and other out of pocket costs. The Settlement Sum will be allocated as between the Settlement Class as decided by Class Counsel. This amount shall be paid to the Client Trust Fund of the Law Foundation of Silicon Valley within ten (10) days of final Court approval of this Settlement.

a) The Settlement Sum shall be allocated to the Settlement Class members as follows:
   a. Some amount of the funds shall be set aside for administration of the class damages;
   b. The remaining fund shall be divided by the number of class members and shall be distributed as an equal share of the fund; and
   c. Any monies remaining of the settlement funds because such funds were unclaimed or unable to be distributed will be redistributed to the class on a pro-rata basis.

ii. In addition to the Settlement Sum, Defendants will pay the following amounts to Plaintiffs:
   a) Defendants will pay the sum of Thirty-five thousand ($35,000) to Domenica Lewis, Jerrold Lewis, E.L., & S.L. as compensation for their INDIVIDUAL CLAIMS of Retaliation in Violation of the Fair Housing Act, 42 U.S.C. § 3617. (Fifth Claim) and Retaliation in Violation of the Fair Employment and Housing Act, Cal. Gov't. Code § 12955.7 (Sixth Claim) to be allocated by Class Counsel. Of this amount, $10,000 will be

4

set aside ($5,000 each) for the two minor plaintiffs E.L. and S.L. This amount includes all damages for any injury asserted with respect to Plaintiffs' Fifth and Sixth claims. This amount shall be paid to the Client Trust Fund of the Law Foundation of Silicon Valley within ten (10) days of final Court approval of this Settlement.

    b) Defendants will pay the sum of Nineteen Thousand Dollars ($19,000) to Plaintiff Project Sentinel as compensation for any and all of its INDIVIDUAL CLAIMS alleged in the Complaint. This amount shall be paid to the Client Trust Fund of the Law Foundation of Silicon Valley within ten (10) days of final Court approval of this Settlement.

  c. **Attorneys' Fees and Costs:**
Along with Plaintiffs' motion for final approval of the settlement, Plaintiffs will file a motion for a separate award of attorney's fees and costs with the Court. The final amount of fees and costs shall be determined by the Court and will be in addition to any Settlement Sum and other amounts enumerated in ***b. supra***.

  d. **Further Documentation:**
On an ongoing basis, and continuing for three years after the date of this Agreement, Defendants will provide Class Counsel with a copy of the following documents:
1. Any monthly Newsletter sent to the residents of the Complex;
2. Any communications to the residents of the Complex concerning settlement and this Agreement;
3. Notice of the election of new board members; and
4. Proof of completion of fair housing training for the Board of Directors.

3. <u>Jurisdiction of Court.</u> Should any Party allege a violation of Section 2 of this Agreement, it may, on 30 days' written notice, petition the Court for enforcement of this Agreement. The parties agree that the Court shall retain jurisdiction until such time that the Association has certified to the Court that all Section 2 obligations are complete. The Parties agree that this Agreement may be enforced by motion or by any other procedure permitted by rules of court. The Parties agree that the Court may award attorneys' fees and costs to the moving Party should the Court find this Agreement was breached.

4. <u>Release.</u>

  a. Upon final approval by the Court, except as to any class members who have opted out of the settlement or are unable to be located after a diligent search, and except as to such rights or claims as may be created by this Agreement, the Settlement Class and Defendants hereby irrevocably and unconditionally release and forever discharge one another, as well as their respective agents,

attorneys, representatives, heirs, family members, tenants, devisees, assigns, receivers, executors, trustees, settlors, transferees, predecessors, successors and any and all persons and entities who may claim through or on behalf of the Parties, from any and all actions, causes of actions, complaints, cross-complaints, claims, demands, rights, injuries, debts, obligations, liabilities, contracts, duties, damages, costs, attorneys' fees, expense or losses of every kind, nature, character, or description whatsoever, that accrued at any time prior to execution of this Agreement, of the following claims alleged in the Complaint: First Claim, Second Claim, Third Claim, Fourth Claim, and Seventh Claim.

b.  The release set forth in Paragraph 4(a) above will cover all remedies that could be claimed for the First Claim, Second Claim, Third Claim, Fourth Claim, and Seventh Claim described in the Complaint, including but not limited to, statutory, constitutional, contractual and common law claims for, damages, unpaid costs, penalties, liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, and equitable relief.  The release will cover all statutory violations that were claimed in the Complaint.

c.  Upon final approval by the Court, except as to those excluded per 4(a) above, every Settlement Class member shall be deemed to have acknowledged and agreed that their claims for damages in this Action are disputed, and that every Settlement Class member's individual settlement constitutes payment of all sums allegedly due him or her from Defendants related to or arising from the Complaint.  Parents are presumed to be legal guardians of their minor children for purposes of releasing claims or opting-out of this agreement.

d.  Upon final approval by the Court, and except as to such rights or claims as may be created by this Agreement, Domenica Lewis, Jerrold Lewis, E.L. and S.L., and Defendants hereby irrevocably and unconditionally release and forever discharge one another, as well as their respective agents, attorneys, representatives, heirs, family members, tenants, devisees, assigns, receivers, executors, trustees, settlors, transferees, predecessors, successors and any and all persons and entities who may claim through or on behalf of the Parties, from any and all actions, causes of actions, complaints, cross-complaints, claims, demands, rights, injuries, debts, obligations, liabilities, contracts, duties, damages, costs, attorneys' fees, expense or losses of every kind, nature, character, or description whatsoever, that accrued at any time prior to execution of this Agreement, whether known or unknown, anticipated or unanticipated, direct or indirect, fixed or contingent, arising from any and all claims related to or arising from the Complaint.

e.  The release set forth in Paragraph 4(d) above will cover all remedies that could be claimed for the causes of action described in the Complaint, including but not limited to, statutory, constitutional, contractual and common

law claims for, damages, unpaid costs, penalties, liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, and equitable relief. The release will cover all statutory violations that were or could have been claimed in the Complaint.

f.   Upon final approval by the Court, and except as to such rights or claims as may be created by this Agreement, Project Sentinel and Defendants hereby irrevocably and unconditionally release and forever discharge one another, as well as their respective agents, attorneys, representatives, heirs, family members, tenants, devisees, assigns, receivers, executors, trustees, settlors, transferees, predecessors, successors and any and all persons and entities who may claim through or on behalf of the Parties, from any and all actions, causes of actions, complaints, cross-complaints, claims, demands, rights, injuries, debts, obligations, liabilities, contracts, duties, damages, costs, attorneys' fees, expense or losses of every kind, nature, character, or description whatsoever, that accrued at any time prior to execution of this Agreement, of all claims whether known or unknown, anticipated or unanticipated, direct or indirect, fixed or contingent, arising from any and all claims related to or arising from the Complaint.

g.   The release set forth in Paragraph 4(f) above will cover all remedies that could be claimed for the causes of action described in the Complaint, including but not limited to, statutory, constitutional, contractual and common law claims for, damages, unpaid costs, penalties, liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, and equitable relief. The release will cover all statutory violations that were or could have been claimed in the Complaint.

5.   Compromise.  This Agreement and the consideration given herein are the result of a compromise between the Parties and shall never at any time or for any purpose be considered an admission of liability, fault or responsibility by Defendants, or any of Defendants' agents, employees, attorneys, successors and assigns, shareholders, officers, directors, subsidiaries and affiliated corporations or entities, any such liability being expressly denied or disclaimed. It is expressly acknowledged and understood by the Parties that Defendants continue to deny all liability, fault and/or responsibilities for the matters alleged in the Action.

6.   Voluntary Execution.  The Parties represent that they have carefully read this Agreement, know and understand the content and consequences of it, and sign this Agreement of their own free act, and without any mistake, duress or undue influence. In delivering this Agreement, the Parties rely upon their own judgment, belief and knowledge and have not been influenced in any way by any representations or statements not set forth in this Agreement regarding its contents by the persons or entities who are hereby released, or by anyone representing them. The Parties acknowledge and agree that the Parties have had adequate

opportunity to consult with the attorneys of their choice with respect to this Agreement, its terms and its legal effect.

7. <u>Authorization</u>. The signatories to this Agreement represent that they are fully authorized to enter into this Agreement and bind the Parties on whose behalf they have signed.

8. <u>Counterparts; Facsimile Signatures.</u> This Agreement may be executed in counterparts, each of which shall be deemed an original, and which together shall constitute a single agreement. A facsimile signature shall be deemed an original for all purposes. A signed copy of this Agreement delivered by one Party to the other Party shall be binding upon the Party so delivering same.

9. <u>Cooperation</u>. The Parties agree to fully cooperate with each other to accomplish the terms of this Agreement, including but not limited to, execution of such documents and to take such other action as may reasonably be necessary to implement the terms of this settlement. The Parties shall use their best efforts, including all reasonable efforts contemplated this settlement and any other reasonable efforts that may become necessary by order or direction of the Court, or otherwise, to effectuate this Agreement and the terms herein set forth. As soon as practicable after the execution of this Agreement, Class Counsel shall, with the assistance and cooperation of Defendants and its counsel, take all reasonably necessary steps to secure the court's preliminary and final approval of the settlement.

10. <u>Motions to Court and Notice to the Class</u>. Class Counsel shall be responsible for drafting and filing a statement with the Court describing the settlement for hearing on June 15, 2017. Class Counsel shall also be responsible for drafting and filing for approval with the Court the proposed class notice, including forms for class members to object to the settlement or opt-out of the settlement as required by rule 23.

Once the Court approves a class notice and the proposed forms, Class Counsel shall be responsible for providing notice to the class pursuant to Fed. R. Civ. P. 23(c)(2) and 23(e)(4) informing the class of the proposed settlement, their rights to opt-out, and their rights to object to the settlement.

Class Counsel will also be responsible for preparing and filing the Motion for Final Approval and any other papers required by the Court to obtain approval of the settlement. In connection with the hearing on Final Approval of this settlement, Class Counsel will submit to the Court a final proposed order approving this settlement, adjudging the terms thereof to be fair, reasonable, and adequate, directing consummation of its terms and provisions, and permanently barring all Settlement Class members, except those who opted out, from prosecuting any Released Claims against any of the Released Parties.

With exception to Plaintiffs' motion for attorneys' fees and costs filed concurrently with any motion for final approval of the class settlement, Defendants agree not to oppose motions for approval of the settlement so long as they are consistent with this Agreement. Defendants agree

to withdraw their opposition to Plaintiffs' Second Motion for Class Certification and stipulate to the Settlement Class proposed by Plaintiffs' or approved by the Court.

11. **Entire Agreement.** This Agreement contains the entire agreement of the Parties.

12. **Modification and Waiver.** No modification or waiver of any of the provisions of this Agreement shall be valid and enforceable unless such modification or waiver is in writing and signed by the Party to be charged or ordered by the Court, and, unless otherwise stated therein, no modification or waiver shall constitute a modification or waiver of any other provision hereof (whether or not similar) or constitute a continuing waiver.

13. **Severability.** If any provision or any part of any provision of this Agreement is for any reason held to be invalid, unenforceable or contrary to any public policy, law or statute and/or ordinance, then the remainder of this Agreement shall not be affected thereby and shall remain valid and fully enforceable.

14. **Headings.** The headings in this Agreement are intended solely for convenience of reference and shall be given no effect in the construction or interpretation of this Agreement.

15. **Effective Date.** This Agreement shall become effective upon execution by the last Party, or its attorney, to sign.

**PLEASE READ THIS AGREEMENT CAREFULLY. THIS AGREEMENT INCLUDES A GENERAL RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.**

**PLAINTIFFS**

Dated: June ___, 2017      By: _____
                                       DOMENICA LEWIS for herself and on behalf of
                                       E.L. and S.L.

Dated: June ___, 2017      By: _____
                                       JERROLD LEWIS

Dated: June ___, 2017      By: _____
                                    _____, on behalf of Project Sentinel

**DEFENDANTS**

Dated: July ___, 2016                By: _____
                                     CAROL LEE ADAMS

Dated: June ___, 2017                By: _____
                                     MARILYN BLACK

Dated: June ___, 2017                By: _____
                                     ANAND BHASKARAN

Dated: June ___, 2017                By: _____
                                     TAMELA DURANT

Dated: June ___, 2017                By: _____
                                     DONALD MURPHY

Dated: June ___, 2017                By: _____
                                     _____ on behalf of
                                     SILVERTREE MOHAVE HOMEOWNERS
                                     ASSOCIATION, INC.


**APPROVED AS TO FORM AND CONTENT:**

                                     LAW FOUNDATION OF SILICON VALLEY


Dated: June ___, 2017                By: _____
                                     Thomas P. Zito
                                     Attorneys for Plaintiffs


                                     MCNAMARA, NEY, BEATTY, SLATTERY,
                                     BORGES & AMBACHER LLP



Dated: June ___, 2017                By: _____
                                     _____.
                                     Attorneys for Defendants